UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON KEITH JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3230** |
| **WARDEN KEITH BICKHAM, ET AL.** | **SECTION "G"(4)** |

## ORDER AND REASONS

Plaintiff Brandon Keith Jackson filed a **Motion for Appointment of Counsel (ECF No. 10)** in which he requests appointment of counsel to assist him in pursuing his case. Jackson filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Warden Keith Bickham, Warden Gerald Lebo, Colonel Donnie Seal, Major Wade Rigdon, Major Jacob Waskom, and Colonel Jeff Williams.[1] Jackson alleges that he is being held in administrative lockdown at the B.B. "Sixty" Rayburn Correctional Center ("RCC") for extended periods without regular exercise opportunities.[2] He also alleges that he fell once while trying to do exercises in his cell.[3] In addition, he claims that when he is allowed outdoors for exercise, he has to remain in mechanical restraints.[4]

In his motion to appoint counsel, Jackson alleged that he cannot afford counsel and that he needs counsel to review and obtain potential evidence, meet and communicate with medical experts, and assist in the presentation of evidence and in cross-examination of witnesses.[5] On March 29, 2021, the Court ordered Jackson to certify in writing the steps he has taken to secure counsel before filing his motion.[6] Jackson responded indicating that he attempted to contact an

---

[1] ECF No. 1, at 1, 4.
[2] *Id*. at 5-6.
[3] *Id*.
[4] *Id*.
[5] ECF No. 10.
[6] ECF No. 11.

attorney who previously represented him, and the attorney declined to accept his case.[7] Jackson also states he is having difficulty getting inmate assistance and access to the law library because of the prison's pandemic restrictions.[8]

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

Jackson's case is not complex and requires no difficult investigation to determine the medical treatment needed or provided to him at the prison. Jackson's claims otherwise are not factually or legally complicated. Jackson has already demonstrated an ability to prepare pleadings, present arguments, and more than adequately understand and convey the facts of his case without assistance of counsel. While Jackson may not be trained in the law, he consistently has demonstrated the ability to express himself and understand the facts and issues involved in his case. Thus, although Jackson is indigent, his case is not an exceptional one under the foregoing factors and presents no circumstances that would require appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (counsel is only appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998)

---

[7] ECF No. 12, at 1, 2.
[8] *Id*. at 1.

(same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer*, 691 F.2d at 212-13; *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).  Accordingly,

**IT IS ORDERED** that Jackson's **Motion for Appointment of Counsel (ECF No. 10)** is **DENIED**.

New Orleans, Louisiana, this  20th   day of May, 2021.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**