UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON KEITH JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-03230** |
| **KEITH BICKHAM, ET AL.** | **SECTION "G" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The magistrate judge conducted a *Spears* hearing in which Plaintiff was allowed to further explain his claims in the nature of an amended complaint. *See Adams v. Hansen*, 906 F.2d 192, 194 (5th Cir. 1990) ("Spears hearing is . . . in the nature of an amended complaint or a more definite statement."). Upon review of the record, the Court has determined that this matter can be disposed of in part without further evidentiary hearing.

**I.    Factual and Procedural Background**

   **A.   Complaint**

Plaintiff, Brandon Keith Jackson ("Jackson"), is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). Jackson filed this complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against six RCC officials, Warden Keith Bickham, Warden Gerald Lebo, Colonel Donnie Seal, Major Wade Rigdon, Major Jacob Waskom, and Colonel Jeff Williams in their individual and official capacities. Jackson alleges that before he filed this suit he was only allowed one hour outside of his cell per week for recreation, and, according to RCC policy number 34, he is supposed to be allowed one hour outside of his cell daily for

recreational activities. Jackson does not state the specific date when this started happening but it should be noted that the complaint was filed on November 24, 2020. Jackson seeks "administrative liability" and asks the Court to award him with all damages for physical and mental injuries.

On August 10, 2020, Jackson filed a grievance form through the jail's grievance process in which he complained about the lack of out-of-cell recreation time. *Id*. On August 18, 2020, Defendant Warden Keith Bickham ("Bickham") indicated that, per the Cellblock Database between May 1, 2020 and August 14, 2020, Jackson was offered yard time on forty-seven (47) occasions and declined this opportunity on thirty-five (35) of those occasions. R. Doc. 1. p. 8. In addition, defendant Bickham responded to the grievance stating it was RCC policy to put handcuffs, leather restraint belt and shackles on offenders prior to leaving their cells. *Id.* In his complaint, Jackson alleges that Warden Bickham, Warden Lebo, Colonel Seal, and the unnamed daytime supervisor were in violation of his Eighth Amendment rights because, according to Jackson, they have not been allowing him the proper recreation time per week. *Id.* at 5.

Jackson alleges he has been allowed one hour a week of recreation for the last ten months, but does not give a specific date as to when that started. *Id.* Plaintiff alleges that when he is allowed outside, he is placed in mechanical restraints consisting of a belt, handcuffs, and leg shackles. *Id.* Jackson claims there were two incidents in which he injured himself while being in restraints but does not give a specific date when either incident happened. *Id.* at 6. Jackson claims that in these two incidents when he was outside and in restraints that he fell and further claims he hurt his shoulders, back, and arm because he could not break his fall. *Id.*

As relief, Jackson seeks "administrative liability" and asks the Court to award him with all damages for physical and mental injuries.

B.      **The *Spears* Hearing**

On March 3, 2021, the Court held a *Spears* hearing where Jackson testified that he is thirty-seven (37) years old and is currently serving a ten (10) year sentence, for theft of alcohol. Jackson has two and a half years left to serve. Jackson testified during the *Spears* hearing that he has mental health issues including anti-social disorder, bipolar disorder, and depression and anxiety. Jackson further testified during the *Spears* hearing that he has medical issues including high blood pressure, heart disease, herniated discs, surgically repaired hernia, Hepatitis C, and post-traumatic stress disorder. Jackson testified during the *Spears* hearing that the doctors at RCC have told him multiple times to exercise as much as possible in order to improve his health conditions. Jackson testified that Bickham has ignored the RCC doctors' orders that say Jackson should get more recreational time to reduce any health problems he has. Jackson testified that, although he is in administrative segregation because of multiple rule infractions, his complaint is about his lack of recreational time outside of his cell while he is in administrative segregation.

Jackson testified that he named Warden Bickham in his complaint because he replied to plaintiff's grievance claim. Jackson also testified that he named Warden Lebo in his complaint because he is the official in charge of the policies that go into effect at RCC. Jackson further testified that he named Colonel Donnie Seal as a defendant in his complaint because he was a daytime supervisor.

In addition, Jackson testified that he named Major Wade Rigdon, Major Jacob Waskom, and Colonel Jeff Williams as defendants in this matter because of their supervisory capacity and roles at the prison. However, Jackson recognized that Major Rigdon, Major Waskom, and Colonel Williams were not personally involved with the implementation of policies or reducing Jackson's recreation and exercise and/or out of cell time. Jackson came to the conclusion and

testified that Major Rigdon, Major Waskom, and Colonel Seal were not the proper parties to sue in this matter.

Jackson further testified that Colonel Donnie Seal, who was a daytime shift supervisor, violated his Eighth Amendment rights. Jackson also claims there was another daytime shift supervisor who also violated his Eighth Amendment rights but did not specifically mention this unnamed individual in his complaint. Jackson testified that both of these individuals showed deliberate indifference to the lack of recreational time he was getting per week and ignored his injuries which occurred during his recreational time outside the cell but with the mechanical restraints placed on him.

Additionally, Jackson also stated he has been on cell confinement since 2016 and will not be released from cell confinement until 2022. Jackson testified that he committed multiple rule infractions that led him to being in cell confinement. According to his disciplinary record, Jackson committed several counts of aggravated disobedience, aggravated sex offenses, and property destruction.

## II.     Standards of Review

### A.     Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e) and §1915A and 42 U.S.C. § 1997e(C), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the court may not *sua sponte* dismiss an action merely because of legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams* 490 U.S. 319, 324-325 (1989), *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-177 (5th Cir. 1995); *Moore v. Mabus*, 976 F. 2d 268, 269 (5th Cir. 1992).

### B. Motions Under Federal Rule of Civil Procedure 12(b)(6)

Under Fed. R. Civ. P. 12(b) (6), the Court may dismiss a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss, the plaintiff must plead in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "'factual allegations must be enough to raise a right to relief above the speculative level,'" and "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its

5

face.'" *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.* 550 U.S. at 570). The United States Supreme Court has explained: A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops shorts of the line between possibility and plausibility of entitlement to relief. *Iqbal*, 556 U.S. at 678.

To determine whether a complaint states a claim that is plausible on its face, the Court "draws on its judicial experience and commons sense." *Iqbal*, 556 U.S. at 679. Thus, as stated above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility' that the defendant has violated the law as alleged. *See Id*.

Furthermore, in *Taylor v. Gibson*, 529 F.2d (5th Cir. 1976), the Fifth Circuit explained that before dismissing the complaint of a *pro se* prisoner, "an opportunity should be provided to the prisoner to develop his case at least to the point where any merit it contains is brought to light." *Id.*, 529 F.2d at 713-14. Because of this, before dismissing a prisoner complaint, a district court ordinarily should give the *pro se* litigant an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); accord *Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

### III.     Frivolousness Review

Jackson sued defendants claiming they violated his Eighth Amendment rights when they failed to follow prison policy and provide him with one (1) hour of exercise opportunities per week. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment's prohibition on "cruel and unusual punishments" applies to both convicted and pretrial inmates through the Fourteenth Amendment's Due Process Clause and forbids conditions on confinement "which are incompatible with the evolving standards of decency that mark the progress of a maturing society'… or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976); *Farmer*, 511 U.S. at 832 & 837.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. In other words, the prison official must have a "sufficiently culpable state of mind," one of "deliberate indifference" to inmate health or safety. *Id.* at 834. To find that an official is deliberately indifferent, it must be proven that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To recover under § 1983 for individual liability, Jackson must identify both the constitutional violation and the responsible person acting under the color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Also, proof of an individual defendant's personal

involvement in the alleged wrong is a prerequisite to liability under § 1983. *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981). Thus, supervisory officials cannot be held responsible pursuant to § 1983 under any theory of respondeat superior or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736,742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). A defendant is liable under §1983 only if he had personal involvement in the alleged unconstitutional act. *Douthit*, 641 F.2d at 346.

  A. **<u>Official Capacity</u>**

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). A state actor, like the defendants in this case in their official capacities, is not considered a person for purposes of suit under § 1983. *Will v. Michigan Dept. of St. Police*, 491 U.S. 58 (1989). In keeping with its long-standing doctrine, the Supreme Court has held that, when a state actor is sued in his official capacity, the action is considered to be one taken against the department he represents. *Jones v. Spencer*, No. CV 16-1745, 2016 WL 6574162 (E.D. La. Oct. 5, 2016), *report and recommendation adopted*, No. CV 16-1745, 2016 WL 6563401 (E.D. La. Nov. 4, 2016). *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Where the plaintiff fails to allege that the purported violations at issue resulted from an official policy or custom, dismissal of such claims is appropriate. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996); *Causey v. Parish of Tangipahoa,* 167 F. Supp. 2d 898, 905-06 (E.D. La. 2001).

In this case, Bickham, Lebo, Seal, Rigdon, Waskom, and Williams are employed by the Louisiana Department of Corrections ("DOC"), which is a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state since any money judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the DOC and its employees like the defendants in this case in their official capacities implicates the Eleventh Amendment Immunity Doctrine. *Muhammad v. Louisiana*, No. 99-2694 c/w 99-3742, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Correctional Center*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. At 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

Therefore, because defendants in their official capacities are employed by the state of Louisiana, they are not proper defendants as any suit against these defendants in their official capacities is a suit against the state of Louisiana, which implicates the Eleventh Amendment. Jackson did not provide additional information during the *Spears* hearing because he was unsure who to name as a defendant but felt he should name these RCC officials as defendants to try and get the proper recreational time he feels he is entitled to based upon the RCC's written policy.

For these reasons, Jackson's claims against Warden Bickham, Warden Lebo, Colonel Seal, Major Rigdon, Major Waskom, and Colonel Williams in their official capacities should be dismissed as frivolous and otherwise failure to state a claim for which relief can be granted in accordance with § 1915, § 1915A and § 1997e.

B. **Individual Capacity**

a) **Major Rigdon, Major Waskom and Colonel Williams in their Individual Capacities**

Jackson names Major Rigdon, Major Waskom, and Colonel Williams in their individual capacities. Jackson testified during the *Spears* hearing that he named Rigdon, Waskom, and Williams in the suit because of their supervisory capacity and roles at the prison.

As mentioned previously, to recover under § 1983 a plaintiff must identify both the constitutional violation and the responsible person acting under the color of state law. *See Flagg Bros., Inc.*, 436 U.S. at 156. Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to liability on a claim for damages under § 1983. *Selder v. LeBlanc*, No. CV 19-13075, 2020 WL 5097599 (E.D. La. July 1, 2020), *report and recommendation adopted*, No. CV 19-13075, 2020 WL 5095328 (E.D. La. Aug. 28, 2020). A defendant would be liable under § 1983 only if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit*, 641 F.2d at 345; *see also Watson v. Interstate Fire and Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

In this case, Jackson testified that Rigdon, Waskom, and Williams were not personally involved with restricting his recreation time or time outside of his cell. Jackson did not allege that Rigdon, Waskom, and Williams were personally involved in implementing any policies that limited his time outside of the cell or recreational and exercise time. Instead, Jackson named these prison officials because of their supervisory capacity and roles at the prison, and not because they had any role in his recreational and exercise time. Jackson has not alleged that he has suffered any injury directly resulting from any order, training, or other policy implemented by Rigdon,

Waskom, or Williams. Jackson has not alleged that Major Rigdon, Major Waskom, or Colonel Williams were personally liable under § 1983 or liable for the actions or inactions of the prison personnel.

For these reasons, Jackson's claims against Major Rigdon, Major Waskom and Colonel Williams in their individual capacity are frivolous and otherwise fails to state a claim for which relief can be granted under § 1915, § 1915A, and § 1997e.

### b.) Warden Bickham in his Individual Capacity

Jackson testified during the *Spears* hearing that he named Bickham in his complaint because he responded to plaintiff's grievance claim. In the grievance response, Warden Bickham stated that Jackson was offered yard time on forty-seven (47) occasions and declined his opportunity for yard time on thirty-five (35) of those occasions. Jackson is being offered adequate recreational time, but he is choosing not to take advantage of the yard time being given to him.

It is well settled that a prisoner does not have a constitutional right to an effective grievance procedure, and he has no due process liberty interest in having his grievances resolved or investigated to his satisfaction. *Hill v. Walker*, 718 F. App'x 243, 249-50 (5th Cir. 2018) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011). In other words, there is no constitutional guarantee that the inmate will receive a response from or be satisfied with the responses by the prison officials. *Id.* at 250 (citing *Geiger*, 404 F.3d at 374). Furthermore, to the extent he claims the officials are not properly enforcing their policies, "the failure of the prison to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim." *Richardson v. Thornton*, 299 F. App'x 461, 4463(5th Cir. 2008) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

In this case, despite Jackson filing a grievance claiming that the defendants were not following RCC policy, Jackson is not entitled to an effective grievance that would be to his liking. Jackson did not allege that Warden Bickham was personally involved in limiting his recreation and exercise time. Jackson also has not alleged that he has suffered any injury directly resulting from any order, training, or other policy implemented by Warden Bickham that would create a vicarious liability under § 1983 in the Warden's supervisory role. *See Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447,459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

Jackson does not allege a personal action or connection that would render Warden Bickham liable under § 1983 or liable for the actions or inactions of the prison personnel or medical staff at the jail. Jackson claims to have multiple health problems; however, he does not state that the Warden Bickham knew or should have known about his health problems. Jackson only states that he has health problems and believes that recreational time or time outside of his cell would relieve him of some of those health problems.

For these reasons, Jackson's claims against Warden Bickham in his individual capacity are frivolous and otherwise fails to state a claim for which relief can be granted under § 1915, § 1915A, and § 1997e.

    **c.)**     **Warden Lebo in his Individual Capacity**

Jackson testified during the *Spears* hearing that he named Lebo in his complaint because Warden Lebo is in charge of all of the policies before they go into effect at RCC. Supervisory officials may be held individually liable only if: (i) they affirmatively participate in acts that cause

a constitutional deprivation; or (ii) implement unconstitutional policies that casually result in plaintiff's injury." *Belcher v. Lopinto*, 492 F.Supp.3d 636, 658 (E.D. October 5, 2020).

Jackson does not establish a denial of adequate recreational time that would be attributable to policy number 34. As stated previously, Jackson has committed multiple rule infractions which has led him to being on cell confinement. Therefore, because Jackson committed multiple rule infractions which led him to being on cell confinement, pursuant to policy number 34 his recreational and exercise time was reduced.

In this case, Jackson does not allege that Warden Lebo participated in any acts that caused a constitutional deprivation. Nor does Jackson allege that Warden Lebo implemented unconstitutional policies that resulted in Jackson being injured or reduced his lack of time outside of his cell. Instead, Jackson alleges that Warden Lebo was in charge of the policies and those policies were not being properly followed by RCC officials. Despite this claim Jackson does not state why he believes that Warden Lebo is the official that is in charge of the policies that go into effect at RCC. Jackson provides the specific policy number that he alleges should allow him to have more recreational and exercise time, but this does not show that Warden Lebo was actually in charge of this policy or any policy that goes into effect at RCC. As mentioned previously, Jackson only alleges that Warden Lebo was in charge of the policies that go into effect at RCC.

For these reasons, Jackson's claim against Warden Lebo in his individual capacity are frivolous and otherwise fails to state a claim for which relief can be granted under § 1915, § 1915A, and § 1997e.

### d.) <u>Colonel Seal in his Individual Capacity</u>

Jackson testified during the *Spears* hearing that he named Seal in his complaint because he was a daytime supervisor. To the extent Jackson has named Colonel Seal in his individual capacity, he has not alleged that Seal had any role in limiting Jackson's recreational and exercise time. As discussed previously, to recover under § 1983 for individual liability, Jackson must identify both the constitutional violation and the responsible person acting under color of state law. *See Flagg Bros., Inc.*, 436 U.S. at 156. Also, proof of an individual defendant's personal involvement in the alleged wrong is a prerequisite to liability under § 1983. *Douthit*, 641 F.2d at 345. A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Id*.

In this case, Jackson testified during the *Spears* hearing that Colonel Seal was not personally involved in limiting his recreational and exercise time. Jackson does not allege that Colonel Seal was personally involved in implementing any policies that limited his time outside of the cell or recreational and exercise time. Instead, Jackson only named Colonel Seal in his complaint because of Seal's role as a daytime supervisor. In addition, Jackson does not allege that Colonel Seal was the daytime supervisor on duty during the alleged times that Jackson contends his time outside of his cell was reduced to one hour per week.

For these reasons, Jackson's claim against Colonel Seal in his individual capacity are frivolous and otherwise fails to state a claim upon which relief can be granted under § 1915, § 1915A, and § 1997e.

## IV. Defendants' Motion to Dismiss

The Court has addressed Jackson's claims asserted against the defendants Warden Bickham, Warden Lebo, Colonel Seal, Major Rigdon, Major Waskom, and Colonel Williams and recommends that the claims against each of these defendants in their official and individual capacities be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to its statutory review above. In light of the Court's findings and recommendation that the complaint be dismissed pursuant to its statutory frivolousness review, the pending Motion to Dismiss (Rec. Doc. No. 7) filed by the defendants should be dismissed without prejudice as moot.

## V. Recommendation

It is therefore **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 7)** filed by defendants Keith Bickham, Gerald Lebo, Donnie Seal, Wade Rigdon, Jacob Waskom and Jeff Williams be **DENIED WITHOUT PREJUDICE** as moot.

It is further **RECOMMENDED** that Brandon Keith Jackson's § 1983 claims against defendants Warden Keith Bickham, Warden Gerald Lebo, Colonel Donnie Seal, Major Wade Rigdon, Major Jacob Waskom, and Colonel Jeff Williams be **DISMISSED WITH PREJUDICE** as frivolous and/or failure to state a claim for which relief can be granted under 28 U.S.C. § 1915e(2) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this _____14th_____ day of July, 2021

                                          **KAREN WELLS ROBY**
                            **CHIEF UNITED STATES MAGISTRATE JUDGE**